IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JIMMY QUINTIN GREEN,

                                                          ORDER

                  Petitioner,

                                                       08-cv-466-slc

     v.

C. HOLINKA (Warden),

                  Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action.  Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.

1

Petitioner Jimmy Quintin Green, an inmate at the Federal Correctional Institution in Oxford, Wisconsin, is serving a sentence imposed by the District Court for the Eastern District of Michigan, Southern Division. Petitioner contends that he is in custody in violation of the laws or Constitution of the United States. Although petitioner has paid the $5 filing fee, his petition must be dismissed for lack of jurisdiction.

Petitioner presents his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241; however, the substance, not the label, of petitioner's motion controls the treatment of his request for relief. United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007). Choosing to use 28 U.S.C. § 2241 or 28 U.S.C. § 2255 to mount a collateral attack on a judgment or sentence is not simply a matter of preference because § 2255 is petitioner's exclusive remedy unless "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007). The Court of Appeals for the Seventh Circuit has held that "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review . . . ." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002).

Although petitioner raises claims of "actual innocence," lack of subject matter jurisdiction and ineffective assistance of counsel, he provides no reason why § 2255 is "inadequate or ineffective" to address his claims. Moreover, from a review of public records

2

available through the federal courts' PACER system, I find that petitioner has already appealed the initial conviction that led to his current incarceration and filed a § 2255 motion raising the issues raised in his pleading in this court. Although petitioner's previous § 2255 motion was denied, denial does not make § 2255 "inadequate or ineffective." Section 2255 is not inadequate or ineffective just because the statute limits convicted persons to a single collateral attack, unless the conditions of § 2255 ¶8 (elaborated in 28 U.S.C. § 2244) have been met. Taylor, 314 F.3d 835.

Petitioner has already had two rounds of effective collateral review, which provided him with "an unobstructed procedural shot at getting his sentence vacated." In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998). He had his first chance to address his concerns regarding his sentence when he appealed his conviction and he had his second chance when he filed his first § 2255 motion. "[T]wo rounds of judicial review are sufficient in all but the extraordinary situation," such as "when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." Taylor, 314 F.3d at 835, 836. Petitioner does not have an extraordinary situation. The issues petitioner raises in his current pleading were previously raised in his § 2255 motion that was denied by the Eastern District of Michigan Court. Even if petitioner had not previously raised one of his current issues, they are issues that could have been raised on his earlier collateral attack. Failing to raise an issue on a previous collateral attack does not entitle petitioner to yet

3

another collateral attack because "[s]ociety [ ] is unwilling to expend indefinitely large judicial resources on repeated testing of the accuracy of a determination of guilt." Davenport, 147 F.3d at 610. A motion under § 2255 is not inadequate or ineffective for petitioner because he had ample opportunities to obtain collateral relief regarding the legality of his sentence. Therefore, I review petitioner's motion as a § 2255 motion.

A motion under § 2255 must be brought in "the court which imposed the sentence . . . ." Petitioner was convicted and sentenced by the United States District Court for the Eastern District of Michigan, which means his motion is improperly filed here. Instead of dismissing a § 2255 motion filed in the wrong district, a district court is allowed to transfer the case to the proper district "if it is in the interests of justice" to do so. 28 U.S.C. § 1631. In Phillips v. Seiter, 173 F.3d 609 (7th Cir. 1999), a petitioner chose the wrong court for filing a § 2255 motion styled as a § 2241 habeas corpus petition. The court of appeals noted that in deciding whether the interests of justice required transfer of the case rather than its dismissal, district courts are authorized to consider whether the statute of limitations would bar a second filing but not the first. However, if the statute of limitations had already run, then the case would fall within "the 'sure loser' exception to section 1631," and transfer would not be in the interests of justice. Id. at 611.

As stated previously, from a review of public records available through the federal courts' PACER system, I find that petitioner has already filed a § 2255 motion raising the

4

issues raised in his pleading in this court. The motion was denied on August 8, 2006. On August 25, 2006, petitioner moved for reconsideration of the August 8 decision, and on September 14, 2006, petitioner requested a certificate of appealability so that he could appeal the August 8 decision. The district court denied both motions on October 4, 2006; on March 14, 2007, the Court of Appeals for the Sixth Circuit affirmed the district court's decision. Because petitioner has already filed a § 2255 motion in the federal court in the Eastern District of Michigan, he cannot file a second or successive petition in that court without first obtaining permission to do so from the Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2255(h). He does not appear to have sought and obtained such permission. Therefore, I conclude that it is not in the interests of justice to transfer petitioner's motion to the United States District Court for the Eastern District of Michigan, because his successive petition would have to be dismissed immediately for lack of jurisdiction.

ORDER

IT IS ORDERED that petitioner Jimmy Quintin Green's motion brought pursuant to 28 U.S.C. § 2255, improperly titled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, is DISMISSED for lack of jurisdiction.

Entered this 15th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6